## IN THE UNITED STATES COURT OF APPEALS
## FOR VETERANS CLAIMS

| | | |
|---|---|---|
| John O. Colage,<br>    Appellant | )<br>)<br>) | |
| v. | )<br>) | Docket No.  23-8027 |
| DOUGLAS cOLLINS,<br>Secretary of Veterans Affairs,<br>    Appellee | )<br>)<br>)<br>) | |

## NOTICE OF APPEAL TO THE COURT OF APPEALS FEDERAL CIRCUIT
## 13 February 2025

I am appealing to the Court of Appeals Federal Circuit  my case against Douglas

Collins, Secretary of Veterans Affairs, from the U.S. Court of Appeals for Veterans

Claims, docket no. 23-8027.

My case was decided on November 8, 2024 in favor of the VA.  I appealed this case

to a three-judge panel or en banc review as I believe that my positions in this case

are being ignored and a decision was rendered  based on contentions I never made

and the actual claims and evidence I submitted were ignored.  I was initially

granted the appeal but the original judge dismissed my appeal and re-instituted

her original decision on 26 December 2025 and judgement was entered on 21

January 2025.  I believe that the United States Court of Appeals for Veterans Claims

relied on the the VA Office of General Council's interpretation of 10 U.S.C. 1144

(h)(2) in violation of  the Supreme Courts ruling on Chevron Deference.  The VA

OGC wrote an opinion, VAOPGCPEC 14-92, interpreting the will of congress and

incorrectly so.  I will submit my brief to this court promptly.

John O. Colage
Appellant
1015 E700 S
North Judson, IN 46366
(574) 806-4503
jcolage@aol.com

Colabe
1015 E 700 S
North Judson, IN
          46366

Retail



UNITED STATES
POSTAL SERVICE®

20004

RDC 99     0 Lb 0.50 C

U.S. POSTAGE PAID
FCM LETTER
NORTH JUDSON, IN 46366
FEB 14, 2025

$3.23

2305K134765-10



forever
USA

U.S. Court of Appeals for Veterans Claims
625 Indiana Ave, NW
STE 900
Washington, D.C. 20004-2950

20004-295099

**General Docket**
**United States Court of Appeals for Veterans Claims**

| | |
|---|---|
| **Case Number:** 23-8027 | **Docketed:** 12/26/2023 |
| John O. Colage v. Douglas A. Collins | |
| **Appeal From:** Department of Veteran Affairs | |
| **Fee Status:** fee paid | |

**Case Type Information:**
    **1)** NOA - Veterans Appeal
    **2)** -
    **3)** -

**Originating Court Information:**
    **District:** DVA-1 : 162 54 7927
    **Date Decided:**                **Date Rec'd COA**
    11/08/2023                  12/26/2023

---

| | |
|---|---|
| John O. Colage<br>        Appellant | John O. Colage<br>[NTC]<br>1015 E 700 S<br>North Judson, IN 46366 |
| v. | |
| Douglas A. Collins, Secretary of Veterans Affairs<br>        Appellee | James Carlson, Esq., Attorney<br>Direct: 202-632-6796<br>[COR LD NTC]<br>Firm: 202-632-6796<br>Department of Veterans Affairs, OGC (027)<br>810 Vermont Avenue, N.W.<br>Washington, DC 20420<br><br>OGC-ICM7, Non-Attorney<br>Direct: 202-632-6958<br>[COR NTC]<br>Department of Veterans Affairs, OGC (027)<br>810 Vermont Avenue, N.W.<br>Washington, DC 20420 |

---

| | | |
|---|---|---|
| 12/26/2023 | 🔒 | Notice of Appeal (AAM) |
| 12/26/2023 | | (p) USCAVC filing fee $50 from Appellant (AAM) |
| 01/03/2024 | 🔒 | Notice of Docketing for BVA's decision w/in 30 days; RBA w/in 60 days (AAM) |
| 01/24/2024 | 📄 | Appearance of Debra L Bernal for Denis McDonough, in case 23-8027 as lead counsel (DLB) |

| 01/31/2024 | BVA Decision transmittal (O) |
| 01/31/2024 | Copy of BVA Decision - Legacy (O) |
| 02/05/2024 | Appearance of Courtney L. Smith for John O. Colage, in case 23-8027 as lead counsel (CLS) |
| 02/05/2024 | Retainer Agreement (CLS) |
| 02/12/2024 | Returned materials: 2-9-24 Correspondence from represented appellant (MAB) |
| 02/15/2024 | Appearance of Bobbiretta E Jordan for Denis McDonough, in case 23-8027 as lead counsel (BEJ) |
| 03/04/2024 | Record Before the Agency notice (O) |
| 03/18/2024 | Motion of Appellant to extend time to respond to the Record Before the Agency. 05/02/2024 at 11:59 pm (CLS) |
| 03/19/2024 | Clerk's stamp order granting nunc pro tunc to 3/18/24, appellant's motion to extend time to respond to the Record Before the Agency until 5/2/24 (SLC) |
| 03/19/2024 | Motion of Michael O'Rourke to appear before Court under Rule 46(b)(1)(F) (SL) |
| 03/20/2024 | Clerk's stamp order granting motion to appear before the Court under Rule 46(b)(1)(F) (TMW) (SL) |
| 03/20/2024 | Appearance of Attorney(s) Michael T O'Rourke for party(s) Appellant John O. Colage, in case 23-8027 as lead counsel (SL) |
| 05/03/2024 | Notice to file Appellant's Brief w/in 60 days (PTD) |
| 05/07/2024 | Clerk Ordered setting telephonic briefing conference on June 3rd , 2024, at 10:30 AM (ET) to be conducted by Andrew P. Reynolds, Esq., of the Court's Central Legal Staff. This conference may be rescheduled by the Court only upon a showing of good cause. Summary of the Issues due at least 14 days prior to the conference. Please click here to view the Procedural Requirements for Rule 33, Staff Conferences. (FAS) |
| 05/20/2024 | Rule 33 Certificate of Service (TM) |
| 05/22/2024 | Motion of Michael T. O'Rourke and Courtney L. Smith, to withdraw as counsel for Appellant (JC) |
| 05/23/2024 | Conference scheduled for 6/3/2024, is canceled. (MVL) |
| 05/28/2024 | ORDERED that the motion is granted. The appellant is treated as self -represented until a qualified representative enters an appearance. The Court does not appoint counsel. It is further ORDERED that the appellant's brief is due within 60 days after the date of this order. You |

| | | |
|---|---|---|
| | | may use the informal brief form enclosed with this order. (CPS) (JC) |
| 05/28/2024 | 📄 | Appellant's Informal Brief - COS [6/3/2024] (JC) |
| 07/15/2024 | 📄 | Appellant's addendum to brief (JC) |
| 08/01/2024 | 📄 | Motion of Appellee to extend time to file appellee brief. Requested date 09/16/2024. (BEJ) |
| 08/02/2024 | 📄 | Clerk's stamp order granting motion to extend time to file appellee's brief until 9/16/2024 (DNF) |
| 09/11/2024 | 📄 | Appearance of James Carlson for Denis McDonough, in case 23-8027 as lead counsel (JC) |
| 09/13/2024 | 📄 | Appellee's Brief (JC) |
| 09/16/2024 | 📄 | Appellant's Informal Reply Brief - COS [9/20/2024] (JC) |
| 10/01/2024 | 🔒 | Record of Proceedings (JC) |
| 10/25/2024 | | Assigned case to Judge Meredith (AMN) |
| 11/08/2024 | 📄 | WITHDRAWN: Memorandum Decision: After consideration of the parties' pleadings and a review of the record, the Board's November 8, 2023, decision is AFFIRMED. (MEREDITH)--[Edited 12/26/2024 by JC] (AF) |
| 11/12/2024 | 📄 | Motion for reconsideration and in the alternative by Panel (JC) |
| 12/26/2024 | 📄 | Memorandum Decision that the appellant's November 12, 2024, motion for reconsideration is granted; the Court's November 8, 2024, memorandum decision is WITHDRAWN; this decision is issued in its stead; and the appellant's November 12, 2024, motion for panel review is dismissed as moot. After consideration of the parties' pleadings and a review of the record, the Board's November 8, 2023, decision is AFFIRMED. (MEREDITH) (JC) |
| 01/21/2025 | 📄 | Judgment (JC) |
| 02/14/2025 | 📄 | Appellant's Notice of Appeal to the U.S. Court of Appeals for the Federal Circuit (JC) |
| 02/20/2025 | 📄 | Letter regarding the U.S. Court of Appeals for the Federal Circuit filing fee $600 (JC) |
| 02/28/2025 | 🔒 | RECEIVED: U.S. Court of Appeals for the Federal Circuit motion and declaration for leave to proceed in forma pauperis (JC) |

*Designated for electronic publication only*

**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 23-8027

JOHN O. COLAGE, APPELLANT,

V.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before MEREDITH, *Judge*.

**MEMORANDUM DECISION**

*Note: Pursuant to U.S. Vet. App. R. 30(a),
this action may not be cited as precedent.*

MEREDITH, *Judge*: The pro se appellant, John O. Colage, appeals a November 8, 2023, Board of Veterans' Appeals (Board) decision finding that VA properly withheld VA disability compensation to recoup a special separation benefit (SSB) payment in the amount of $23,484.38. Record (R.) at 4-11. On November 8, 2024, the Court issued a memorandum decision affirming the Board decision. *Colage v. McDonough*, No. 23-8027, 2024 WL 4719039 (Vet. App. Nov. 8, 2024) (mem. dec.). The appellant, on November 12, 2024, filed a timely motion for reconsideration of the memorandum decision or, in the alternative, for a panel decision. He asserts that the Court misunderstood arguments made in his informal brief—specifically, that the Board relied on language from 10 U.S.C. § 1174(h)(1) to find that withholding of VA disability compensation was proper, despite citing 10 U.S.C. § 1174(h)(2). Motion for Reconsideration at 1-3. He also maintains, as argued in his informal brief, that guidance found in VA General Counsel Precedent Opinion (VA Gen. Couns. Prec.) 14-92 and 38 C.F.R. § 3.700(a)(5)(i) constitute invalid interpretations of the National Defense Authorization Act for Fiscal Years 1992 and 1993, Pub. L. No. 102-190, §§ 661-662, 105 Stat. 1290, 1394-98 (Dec. 5, 1991). Motion for Reconsideration at 4-6. Having reviewed the matters, the Court will grant the appellant's motion for reconsideration;

withdraw the November 8, 2024, memorandum decision; issue this decision in its stead; and dismiss as moot the motion for panel review. The outcome remains the same.

This appeal is timely, and the Court has jurisdiction to review the Board's decision pursuant to 38 U.S.C. §§ 7252(a) and 7266(a). Single-judge disposition is appropriate. *See Frankel v. Derwinski*, 1 Vet.App. 23, 25-26 (1990). For the following reasons, the Court will affirm the Board's decision.

## I. BACKGROUND

The appellant served on active duty in the U.S. Navy from July 1980 to August 1984 and from May 1986 to July 1992, and he elected to receive a lump sum SSB[1] payment of $29,355.48 upon his voluntary separation from service in 1992. R. at 3084; *see* R. at 616. In May, June, and December 2017, VA awarded disability compensation for a number of service-connected disabilities, as well as entitlement to a total disability rating based on individual unemployability, all effective November 29, 2016. R. at 616-18, 622-24, 1607-21, 1710-16.

VA notified the appellant in December 2017 that the Agency proposed to withhold a portion of his monthly VA benefits in order to recoup the SSB payment because "VA must recoup the amount of [an] SSB payment before VA compensation may be paid." R. at 607; *see* R. at 607-10. In January 2019, VA notified the appellant that the Agency would begin withholding benefits the following month. R. at 439-45. The appellant subsequently filed a Notice of Disagreement and disputed that SSB payments are statutorily subject to recoupment. R. at 419-25. In January 2020, VA issued a Statement of the Case in which the Agency reduced the total amount to be recouped from $29,355.48 to $23,484.38 to account for federal taxes but otherwise found that withholding VA disability compensation to recoup an SSB payment is required by law. R. at 226-50.

The appellant perfected an appeal to the Board, R. at 178-79, and in November 2022, he testified before a member of the Board, R. at 14-22. He argued that his SSB payment, which was received pursuant to 10 U.S.C. § 1174a, is not subject to recoupment under the provisions of 10 U.S.C. § 1174. R. at 16. Further, he disputed guidance found in VA Gen. Couns. Prec. 14-92,

---

[1] SSB "was offered as an incentive for military members in certain career fields to leave active duty. This incentive was designed to drawdown or reduce the active duty force. The use of SSB was discontinued December 31, 2001." *What Is SSB?*, DEF. FIN. & ACCT. SERV., https://www.dfas.mil/retiredmilitary/plan/separation-payments/special-separation-benefit/ (last visited Dec. 19, 2024).

to the extent that the opinion reflects that a veteran could not receive SSB and VA disability benefits concurrently, because the SSB payment he received in 1992 was not concurrent with the VA disability benefits received in 2017. R. at 18-19.

In November 2023, the Board found that VA had properly withheld VA disability compensation in the amount of $23,484.38 to recoup the appellant's SSB payment. R. at 4-11. The Board first noted that the appellant did not dispute that he received the SSB payment when he was discharged from the Navy; instead, he challenged the legal validity of the recoupment. R. at 7. In that regard, the Board summarized the law as follows:

> The recoupment of a veteran's SSB payment from his or her monetary VA disability compensation benefits is required by 10 U.S.C. § 1174. If a service[]member who has received separation pay under 10 U.S.C. § 1174, or separation pay, severance pay or readjustment pay under other provisions of law, based on service in the armed forces, becomes entitled to disability compensation administered by VA, the total amount of the separation pay paid to the service[]member shall be deducted from that disability compensation, less the amount of federal income tax withheld from the separation pay. 10 U.S.C. § 1174(h)(2), (i); 38 C.F.R. § 3.700(a)(5)(i).
>
> The implementing VA regulation is 38 C.F.R. § 3.700(a)(5)(iii) and likewise provides that, where payment of SSB under 10 U.S.C. § 1174a was made on or after December 5, 1991, VA will recoup from disability compensation an amount equal to the total amount of SSB paid to the servicemember, less the amount of [f]ederal income tax withheld from such pay.

R. at 7-8. The Board also noted that, although the law provides limited exceptions to recoupment, none applied here. R. at 8. Accordingly, the Board found that "[t]he withholding of VA compensation benefits to recoup [an] SSB payment in the amount of $23,484.[3]8 was proper[,] and this appeal must be denied as a matter of law." R. at 9. This appeal followed.

## II. ANALYSIS

### A. Parties' Arguments

In his informal brief, which the Court liberally construes, *see De Perez v. Derwinski*, 2 Vet.App. 85, 86 (1992), the appellant asserts that, although the Board cited 10 U.S.C. § 1174(h)(2) when summarizing the law regarding SSB recoupment, the Board erroneously used the language of subsection 1174(h)(1). Appellant's Informal Brief (Br.) at 4, 7-10; Reply Br. at 4-9; *see* Motion for Reconsideration at 1-3. Specifically, he notes that subsection 1174(h)(1)— which governs recoupment related to receipt of military retirement pay—applies if a veteran received separation pay under section 1174 or "'separation pay . . . under any other provision of

3

law,'" whereas subsection (h)(2)—which deals with recoupment due to receipt of VA disability compensation—applies if a veteran received separation pay under section 1174 or "'severance pay or readjustment pay under any other provision of law.'" Appellant's Informal Br. at 5, 6 (quoting 10 U.S.C. § 1174(h)(1), (2)); *see* Reply Br. at 6. In other words, unlike in subsection (h)(1), the catchall—"any other provision of law"—in subsection (h)(2) pertains to severance or readjustment pay, but not to separation pay, and thus any recoupment of separation pay pursuant to (h)(2) is only required if it was paid under section 1174, which his was not. Motion for Reconsideration at 3.

The appellant also appears to argue that VA Gen. Couns. Prec. 14-92—which reflects that "separation pay and disability compensation cannot be received concurrently"—is invalid generally as to SSB payments, and more specifically in his circumstances because he did not receive an SSB payment "concurrent" with VA disability benefits. Appellant's Informal Br. at 10; *see* Reply Br. at 2-4. Further, he asserts that 38 C.F.R. § 3.700 "cannot be enforced regarding SSB as it does not comport to the statute it attempts to regulate." Appellant's Informal Br. at 11 (emphasis omitted). In an addendum to his brief, the appellant notes that the U.S. Supreme Court recently issued a decision regarding administrative agency interpretation of statutes, and he reiterates his contention that 38 C.F.R. § 3.700 is invalid as to SSB payments. Appellant's July 15, 2024, Addendum to Informal Brief.

The Secretary counters that, pursuant to *Majeed v. Nicholson*, 19 Vet.App. 525 (2006), the Board properly applied the law in finding that recoupment of the SSB payment was required and that the Board's failure to explicitly cite subsection 1174a(g) as supporting recoupment of the SSB payment under subsection 1174(h)(2) is harmless. Secretary's Br. at 8-9. Further, to the extent that the appellant relies on *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), for the contention that an administrative agency's interpretation is no longer entitled to deference when a statute is ambiguous, the Secretary avers that that case is irrelevant here because the statutes are not ambiguous; rather, subsections 1174a(g) and 1174(h)(2) together clearly require recoupment of SSB payments when a veteran later receives VA disability compensation. Secretary's Br. at 9.

## B. Discussion

SSB programs are set forth in 10 U.S.C. § 1174a, which provides that "[s]ubsections (e) through (h), other than subsection (e)(2)(A), of section 1174 of this title shall apply in the administration of programs established under this section." 10 U.S.C. § 1174a(g). In turn,

4

10 U.S.C. § 1174, which pertains to "[s]eparation pay upon involuntary discharge or release from active duty," provides the following:

> A member who has received separation pay under this section, or severance pay or readjustment pay under any other provision of law, based on service in the armed forces shall not be deprived, by reason of his receipt of such separation pay, severance pay, or readjustment pay, of any disability compensation to which he is entitled under the laws administered by the Department of Veterans Affairs, but there shall be deducted from that disability compensation an amount equal to the total amount of separation pay, severance pay, and readjustment pay received, less the amount of [f]ederal income tax withheld from such pay . . . .

10 U.S.C. § 1174(h)(2).

On appeal to this Court, the appellant "always bears the burden of persuasion." *Berger v. Brown*, 10 Vet.App. 166, 169 (1997); *see Hilkert v. West*, 12 Vet.App. 145, 151 (1999) (en banc), *aff'd per curiam*, 232 F.3d 908 (Fed. Cir. 2000) (table). The appellant has not met his burden. His primary contention is that subsection 1174(h)(2) only permits recoupment of separation pay made under *that* section *or* recoupment of severance or readjustment pay under any provision of law. And because his SSB payment was *separation* pay under section 1174a, it does not fall within the scope of subsection 1174(h)(2); therefore, the Board in his case—and VA more broadly—has no legal authority to recoup SSB payments. *See* Appellant's Informal Br. at 9.

However, as the Secretary argues, this matter was addressed by the Court in *Majeed*. *See* Secretary's Br. at 8. In *Majeed*, the veteran asserted that VA could not recoup his SSB payment through subsection 1174(h)(2) because that subsection authorizes recoupment of separation benefits paid to servicemembers who were involuntarily discharged or denied reenlistment— neither of which applied to Mr. Majeed—and because "section 1174 generally is not applicable to . . . SSB." *Majeed*, 19 Vet.App. at 528. The Court agreed with Mr. Majeed to that extent. 19 Vet.App. at 528. However, citing 10 U.S.C. § 1174a(g), the Court held that "it was appropriate for the Board to apply section 1174(h)(2)" to recoup SSB payments from VA disability compensation because "[s]ection 1174a . . . which does govern the payment of SSB . . . explicitly makes section 1174(h)(2) applicable to SSB paid under section 1174a." 19 Vet.App. at 528; *see* 10 U.S.C. § 1174a(g) ("Subsection[] . . . (h) . . . of section 1174 . . . shall apply in the administration of programs established under [section 1174a]."). Put differently, the Court held that subsection 1174a(g) instructs that subsection 1174(h)(2) shall apply to section 1174a SSB payments. Further, the Court found that, "although the full statutory authority governing Mr. Majeed's SSB was not set forth in the Board's decision, the Board nevertheless cited the correct statutory authority under

which [his] SSB was to be recouped." 19 Vet.App. at 528. Therefore, the Court held, the Board's "failure to specifically cite [sub]section 1174a(g) and the cross-references between sections 1174 and 1174a . . . [was] harmless." 19 Vet.App. at 528.

Here, the appellant has not demonstrated that the Board improperly applied the statutes in determining that it was required to recoup his SSB payment. Despite the differences in the specific language between subsections 1174(h)(1) and (h)(2), subsection 1174a(g) requires application of subsection 1174(h) to SSB payments made under section 1174a. *See Majeed*, 19 Vet.App. at 528. In other words, any error in summarizing subsection 1174(h)(2) is inconsequential because the Board did not need to rely on the catchall language in that subsection to find that recoupment was necessary—as the *Majeed* Court determined, it is subsection 1174a(g) that requires that result. *See* 38 U.S.C. § 7261(b)(2) (requiring the Court to "take due account of the rule of prejudicial error"); *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (holding that the harmless-error analysis applies to the Court's review of Board decisions and that the burden is on the appellant to show that he or she suffered prejudice as a result of VA error). And although the Board did not refer to subsection 1174a(g) as authority for recoupment of the appellant's SSB payment, that omission is harmless because "the Board nevertheless cited the correct statutory authority under which [the appellant's] SSB was to be recouped." *Majeed*, 19 Vet.App. at 528; *see* R. at 7-8. Further, to the extent that the appellant may disagree with *Majeed*, *see* Motion for Reconsideration at 4, that opinion is binding, *see Tobler v. Derwinski*, 2 Vet.App. 8, 14 (1991).

Last, the appellant's arguments concerning the Agency's interpretation of the statutes in 38 C.F.R. § 3.700(a)(5)(iii) and VA Gen. Couns. Prec. 14-92 are premised on his interpretation of the statutes. *See* Appellant's Informal Br. at 10-11; Appellant's July 15, 2024, Addendum to Informal Brief; Reply Br. at 2-4. Given that the Court held in *Majeed* that the statutes unambiguously require recoupment of SSB under subsection 1174(h)(2), 19 Vet.App. at 531, the Court does not need to address those arguments.[2] Accordingly, the Court will affirm the Board's decision.

---

[2] The Court also notes that the Board did not rely on VA Gen. Couns. Prec. 14-92 in finding that it was required to recoup the appellant's SSB payment.

### III. CONCLUSION

The appellant's November 12, 2024, motion for reconsideration is granted; the Court's November 8, 2024, memorandum decision is WITHDRAWN; this decision is issued in its stead; and the appellant's November 12, 2024, motion for panel review is dismissed as moot. After consideration of the parties' pleadings and a review of the record, the Board's November 8, 2023, decision is AFFIRMED.

DATED: December 26, 2024

Copies to:

John O. Colage

VA General Counsel (027)

**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**
625 Indiana Avenue, NW, Suite 900
Washington, DC 20004-2950


Date: March 10, 2025


Mr. Jarrett B. Perlow, Clerk
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

RE:    JOHN O. COLAGE V. DOUGLAS A. COLLINS
OUR CASE NO. 23-8027

Dear Mr. Perlow:

Enclosed is a notice of appeal to your Court. It was filed by this Court on February 14, 2025. The judgment of this Court was entered on January 21, 2025.

A total of 24 days elapsed between judgment and filing of the appeal. Section 7292(a), Title 38, United States Code, requires that a notice of appeal of the decision of this Court be filed within the time prescribed for appeal to the United States courts of appeals from United States district courts, which is 60 days where the United States is a party.


TIFFANY M. WAGNER
Clerk of the Court

By: /s/ Juanita Coghill
Deputy Clerk


Enclosures:    Notice of Appeal
Memorandum Decision
Certified docket entries
CAFC In Forma Pauperis Motions and Declaration